```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF INDIANA
                         SOUTH BEND DIVISION
```

JOSIAH BOYD                    )
                               )
Petitioner,                    )
                               )
vs.                            )     NO. 3:13-CV-336
                               )
SUPERINTENDENT,                )
                               )
Respondent.                    )

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Josiah Boyd, a *pro se* prisoner, on April 22, 2013. For the reasons set forth below, the court **DENIES** the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1), and **DIRECTS** the Clerk to close this case.

BACKGROUND

Josiah Boyd, a *pro se* prisoner, was found guilty of threatening in violation of B-213 by the Disciplinary Hearing Body (DHB) at the Miami Correctional Facility on July 6, 2012, under cause number MCF 12-06-441. He was sanctioned with the loss of 60 days earned credit time, the imposition of a suspended 30 day loss of earned credit time, and demoted from credit class 2 to credit class 3. Boyd lists four grounds in his habeas corpus petition: (1)

that he was denied the right to present documentary evidence, (2) that he was denied a copy of the findings of fact, (3) that he was denied an impartial decision maker, and (4) that he was denied the right to speak at the hearing.

DISCUSSION

The respondent argues that Boyd has procedurally defaulted the first three grounds because he did not raise them during his administrative appeal. This is correct. "[T]o exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the . . . Final Reviewing Authority . . .." *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002). The form used by Boyd to file both his habeas corpus petition and his traverse ask him to explain why he did not exhaust any claim that he did not raise during his administrative appeal. DE 1 at 7 and DE 5 at 5. Boyd left both of these questions blank and has provided the court with no explanation for excusing his procedural default. Therefore because Boyd did not raise the first three grounds during his administrative appeal (see DE 4-4 at 1), they cannot be a basis for habeas corpus relief.

Boyd's fourth, and only exhausted ground, is that he was denied the right to speak at his hearing. The Disciplinary Hearing Report states that he "Refused to participate." DE 4-3. In his petition, Boyd wrote, "I was not present. The reason being is that

2

it was held outside of my presence. I never had a chance to testify if I wanted to. I was never informed by any member of the disciplinary hearing committee why this was done." DE 1 at 6. In his traverse, Boyd did not present any argument in relation to ground four. See DE 5 at 5. Boyd does not say that he did not refuse to participate. He does not even say that he wanted to testify, much less what he would have testified. "[T]he petitioner bears the burden of proving his habeas claim," *Quintana v. Chandler*, 723 F.3d 849, 854 (7th Cir. 2013), but Boyd has not done so. The uncontradicted evidence in this record is that he refused to participate in his hearing. Therefore it was not a due process violation to have conducted it without him. *Cf. Rodriguez v. Briley*, 403 F.3d 952, 953 (7th Cir. 2005) ("He cannot, in short, be permitted to engineer an Eighth Amendment violation.") Neither can he engineer a due process violation merely by refusing to attend.

Finally, despite his protestations to the contrary, there is evidence that he is guilty of threatening: Sgt. Rush heard him say, "the first chance I get out of seg unit. I will attack and stab the first staff person I can get to." DE 4-1. Boyd asserts that this statement alone is not sufficient because it was not recorded or witnessed by someone else. This is simply not the law. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

However, even in a criminal prosecution, the uncorroborated statement of a single witness is sufficient to support a conviction. *Weiler v. United States*, 323 U.S. 606, 608 (1945). ("Triers of fact in our fact-finding tribunals are, with rare exceptions, free in the exercise of their honest judgment to prefer the testimony of a single witness to that of many.") In the prison disciplinary setting, a conduct report alone may be sufficient evidence to support a finding of guilt. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Such is the case here.

CONCLUSION

For the foregoing reasons, the court **DENIES** this petition for writ of habeas corpus, and **DIRECTS** the Clerk to close this case.

**DATED:  October 29, 2013**         /s/RUDY LOZANO, Judge
                                     **United States District Court**